IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

US BANK N.A., SUCCESSOR
TRUSTEE TO LASALLE BANK
NATIONAL ASSOCIATION, ON
BEHALF OF THE HOLDERS OF
BEAR STEARNS ASSET BACKED
SECURITIES I TRUST 2006-HE7,
ASSET-BACKED CERTIFICATES
SERIES 2006-HE7,

     Plaintiff,

v.                                                  No. 3:20-cv-02104-N-BT

BRIDGET PARSON,

     Defendant.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this civil action arising out of Plaintiff's attempt to foreclose Defendant's home are the following motions: (1) Plaintiff's Motion for Summary Judgment; (2) Plaintiff's Motion to Dismiss Defendant's Counterclaim; (3) Defendant's Motion to Object and Strike Untimely Motions; and (4) Defendant's Motion to Dismiss. For the reasons stated, the magistrate judge DENIES Defendant's Motion to Object and Strike Untimely Motions (ECF No. 25). The magistrate judge further recommends that the district court DENY Defendant's Motion to Dismiss (ECF No. 12), GRANT Plaintiff's Motion for Summary Judgment (ECF No. 19), and GRANT Plaintiff's Motion to Dismiss

1

Counterclaim (ECF No. 38). The district court should enter a final judgment for an order authorizing Plaintiff to foreclose Defendant's home.

## Factual Background and Procedural History[1]

This is at least the third time Plaintiff US Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-He7, Asset-Backed Certificates Series 2006-He7 (US Bank), has brought suit against *pro se* Defendant Bridget Parson to foreclose on Parson's home in Cedar Hill, Texas (the "Property"). Parson purchased the Property in 1990. *See* Pl.'s Ex. 2, at 1 (ECF No. 21-2). Fifteen years later, she obtained a home equity loan (the "Loan"), evidenced by a Texas Home Equity Adjustable Rate Note (the "Note") and secured by a lien on the Property via a Texas Home Equity Security Instrument (the "Security Instrument"). Pl.'s Ex. 3, at 1, 5 (ECF No. 21-3); Pl.'s Ex. 4, at 2, ¶ (F) (ECF No. 21-4). US Bank contends that the Note was subsequently indorsed and transferred to it and that it currently possesses the original Note indorsed in blank. Compl. 3, ¶ 7; Pl.'s Br. Supp. Mot. Summ. J. 3–4 (ECF No. 20); Pl.'s Ex. 5, at 1 (ECF No. 21-5). The Security Instrument was assigned to US Bank on April 13, 2012. Pl.'s Ex. 5, at 1 (ECF No. 21-5).

---

[1] Because this dispute has been the subject of several prior decisions, the Court recounts only the background information necessary to understand the current recommendation.

Parson failed to make the required payment due on October 1, 2014, and each recurring monthly payment due thereafter. Pl.'s Br. Supp. Mot. Summ. J. 4 (ECF No. 20); Pl.'s Ex. 1, at 4 (ECF No. 21-1). Accordingly, under the Security Instrument and § 51.002 of the Texas Property Code, US Bank provided Parson with notice of default and intent to accelerate the balance due on the Loan on April 8, 2019. Pl.'s Br. Supp. Mot. Summ. J. 7–8 (ECF No. 20); Pl.'s Ex. 6 (ECF No. 21-6). Despite notice of her default, Parson did not cure the default.

US Bank provided Parson with a Notice of Acceleration on December 2, 2019. Pl.'s Br. Supp. Mot. Summ. J. 7–8 (ECF No. 20); Pl.'s Ex. 7 (ECF No. 21-7); Pl.'s Ex. 8 (ECF No. 21-8). Nine months later, US Bank initiated an expedited proceeding in Dallas County District Court requesting an order of foreclosure under Texas Rule of Civil Procedure 736. *See US Bank NA v. Parson*, Cause No. DC-19-12319; Pl.'s Br. Supp. Mot. Summ. J. 4 (ECF No. 20). Parson removed the proceeding to a federal court in this district on September 30, 2019. *See US Bank NA v. Parson*, No. 3:19-CV-2329-L, 2020 WL 95628, at *1 (N.D. Tex. Jan. 8, 2020). On January 8, 2020, the federal court remanded for lack of jurisdiction. *Id.* at *5.

US Bank then filed a new federal lawsuit in this district seeking an order of sale and judgment authorizing foreclosure of the Property under § 51.002 of the Texas Property Code. *See US Bank NA v. Parson*, No. 3:19-cv-2863-L (N.D. Tex.). But the presiding judge dismissed US Bank's complaint without prejudice on June

16, 2020 for various violations of the local rules—including a failure to comply with the deadline for a status report order, an incomplete Notice of Related Cases, improper appendix numeration and citation, and filing a summary judgment motion after the court issued a directive to temporarily cease filing. *Id.* (ECF No. 21); Answer Ex. C 15–18 (ECF No. 7). In an order denying US Bank's Motion for Reconsideration, the court clarified that the dismissal and denial of the motion was "not a comment on the strength or merits of any claims or defenses asserted in this action by either party." Answer Ex. C 18 (ECF No. 7).

US Bank subsequently filed this action—its third lawsuit—on August 7, 2020, once again seeking an order of sale and judgment authorizing foreclosure of the Property under § 51.002 of the Texas Property Code. *See* Compl. 5 (ECF No. 1). Parson filed her Answer and an Amended Answer (ECF Nos. 7, 8) on August 21 and 30, 2020, in which she included objections and a request to dismiss due to "rampant violations" of her rights and illicit conduct on the part of US Bank. Am. Answer 1 (ECF No. 8). She also brought a "counterclaim" seeking monetary sanctions in the amount of $4,350,000.00. *Id.* at 2.

On August 25, 2020, the district court referred this action to the magistrate judge who then directed each party to file a scheduling proposal by September 18, 2020. Ord. (ECF No. 9). US Bank complied, *see* Ord. (ECF No. 10), but Parson objected, arguing again that this action should be dismissed in light of: (1) illicit conduct by US Bank's attorneys; (2) allegations that US Bank is not the original

4

Note holder and cannot produce the Note; and (3) an appeal that was pending at the time before the United States Fifth Circuit Court of Appeals, *Parson v. Select Portfolio Servicing*, 2020 WL 6303725 (5th Cir. 2020). Resp. 1–2 (ECF No. 11). Additionally, Parson filed a Motion to Dismiss (ECF No. 12) and two Motions to Object to the magistrate judge presiding over the case (ECF Nos. 13–14).[2] Her Motion to Dismiss repeats the arguments set forth in her objection to the order seeking proposals for the contents of the scheduling order.

A week later, on September 15, 2020, Parson filed a document entitled "Plea to the Jurisdiction" (ECF No. 15), which she desired to be added to her Motion to Dismiss (ECF No. 12). In this filing, Parson, for the first time, claimed that the complaint was not filed with a certificate of service, that no Certificate of Interested Parties had been filed, and that she was never served with the complaint. Plea Jurisdiction 1 (ECF No. 15). She also repeated her claim that this Court lacks jurisdiction due to her pending appeal before the Fifth Circuit. *Id*. US Bank filed a response to Parson's Plea to the Jurisdiction on October 2, 2020. Resp. (ECF No. 18).

The same day, US Bank also filed a Motion for Summary Judgment (ECF No. 19). It asserts that it is entitled to summary judgment because (1) there is a written loan agreement between the parties; (2) Parson is in default on her

---

2 The Court issued an Order denying these Motions to Object on October 27, 2020. (ECF No. 34).

obligation to repay the loan; and (3) Texas law authorizes foreclosure in such cases. Pl.'s Mot. Summ. J. 2 (ECF No. 19). Parson responded on October 7, 2020 (ECF No. 27), and US Bank did not file a reply.

On November 3, 2020, US Bank filed a Motion to Dismiss Defendant's Purported Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. (ECF No. 38). It succinctly argues that Parson's counterclaim for monetary sanctions is not an independent cause of action and must therefore be dismissed for failure to state a claim. Two days later, Parson filed a response (ECF No. 40) and a request for a Clerk's Entry of Default and a Motion for Default Judgment (ECF No. 41). In both filings, Parson repeats the arguments she has previously presented to the Court, including her arguments that US Bank's conduct violates her civil rights, that the Court lacks jurisdiction because of her pending appeal in another case, that she has not been properly served, and that US Bank is not the original Note holder and cannot produce the Note.

US Bank's Motion for Summary Judgment and Motion to Dismiss Defendant's Counterclaim are ripe for determination, as are Parson's Motion to Object and Strike Untimely Motions and her Motion to Dismiss. The Court will address Parson's Motion to Dismiss first.

## Parson's Motion to Dismiss

### Preliminary Matters

As recited above, US Bank initiated this lawsuit by filing its complaint on

August 7, 2020. *See* Compl. 5 (ECF No. 1). Parson promptly filed an Answer and an Amended Answer (ECF Nos. 7, 8) on August 21 and 30, 2020. Thereafter, on September 8, 2020, Parson filed a "Supplemental Motion to Dismiss with Prejudice" (ECF No. 12).

In these pleadings, Parson urges the Court to throw out US Bank's lawsuit because of alleged misdeeds by US Bank, including perjury, harassment, discrimination, and violations of due process, and because US Bank is "not the original Note holder[ ] and cannot produce the Note." Parson also refers to other litigation between the parties and asserts that the lawsuit violates "double jeopardy." The Court must liberally construe pleadings filed by *pro se* litigants.[3] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). Because Parson filed an Answer and an Amended Answer before she filed her Motion to Dismiss, the Court construes her Motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

Parson additionally filed a Plea to the Jurisdiction (ECF No. 15), in which

---

3 Although Parson is proceeding *pro se*, she is "no stranger to the courts." In the past two years, she has been a named party in almost twenty civil actions filed in this district: N.D. Tex. Case Nos.: 3:18-cv-00638; 3:18-cv-00642; 3:18-cv-00644; 3:18-cv-00646; 3:18-cv-00647; 3:18-cv-00649; 3:18-cv-00650; 3:18-cv-00774; 3:18-cv-00813; 3:18-cv-00848; 3:18-cv-01449; 3:18-cv-01553; 3:18-cv-01636; 3:18-cv-01637; 3:19-cv-02330; 3:19-cv-02329; and 3:19-cv-02863.

she repeats her arguments that US Bank is engaged in misconduct and that this lawsuit is duplicative of other litigation. She also complains that US Bank did not properly serve the Complaint on her.

In Texas courts, a "plea to the jurisdiction" is a pleading that contests a trial court's subject matter jurisdiction. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); 4A Tex. Jur. Pleading & Prac. Forms § 80:5 (2d ed.). The Federal Rules of Civil Procedure do not provide for such a "plea." But under Federal Rule 12(b)(1), a party may file a motion to dismiss for lack of subject matter jurisdiction. *See Catlett v. Duncanville Indep. Sch. Dist.*, 2010 WL 2217889, at *2 (N.D. Tex. May 27, 2010) (explaining the "closest equivalent to a plea to the jurisdiction" in federal court is a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction); *Levy v. City of Rio Grande City*, 2006 WL 3831299, at *3 (N.D. Tex. Dec. 28, 2006) (same). Accordingly, the Court construes Parson's Plea to the Jurisdiction as a 12(b)(1) motion challenging this Court's subject matter jurisdiction.

## Legal Standards

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation

8

omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc*., 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(c)

motion for judgment on the pleadings, therefore, a plaintiff's complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require " 'detailed factual allegations,' " but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the

pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## Analysis

Parson's challenge to the Court's subject matter jurisdiction fails. A federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Here, US Bank's Original Complaint sufficiently alleges—and Parson does not dispute—both diversity of citizenship and amount in controversy. US Bank is a citizen of Ohio; Parson is a citizen of Texas; and the amount in controversy exceeds $75,000 because, by its lawsuit, US Bank seeks foreclosure of the Loan, which allegedly has a balance due in excess of $200,000, and an order of foreclosure for the Property, which has a fair market value in excess of $140,000. Compl. 1–2, ¶¶ 2, 3 & 4, ¶¶ 16, 17.

The record refutes Parson's objections that she was not properly served or that US Bank failed to file a Certificate of Interested Parties. US Bank filed proof of service (ECF No. 3) showing a process server personally served Parson on August 11, 2020. Regardless, Parson waived any objection to improper service by filing her

answer prior to filing her motion to dismiss. Fed. R. Civ. P. 12(h)(1)(B); *see also Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988) ("[T]he defense of insufficient service of process is waived unless made in a party's first responsive pleading or an amendment to a first responsive pleading allowed as a matter of course."). US Bank filed a Certificate of Interested Parties (ECF No. 6) on August 8, 2020.

There also is no pending appeal that prevents this Court from exercising subject matter jurisdiction. The case Parson references is an appeal from the dismissal of a lawsuit complaining of acts and/or omissions that occurred in her bankruptcy proceeding. That case does not relate to the claims pending in this lawsuit, and it does not deprive this Court of jurisdiction. Furthermore, the Fifth Circuit dismissed her appeal as frivolous on October 27, 2020. *Parson v. Select Portfolio Servicing*, 2020 WL 6303725, at *1 (5th Cir. Oct. 27, 2020).

Parson's Rule 12(c) motion for judgment on the pleadings also fails. In its Original Complaint, US Bank pleads that (1) it is the current assignee of record and mortgagee of Parson's Loan; (2) the Loan documents provide US Bank the right to accelerate the maturity of the Note in the event of an uncured default; (3) Parson defaulted on the Loan; (4) US Bank provided Parson with all notices required by the Loan and the Texas Property Code, including notice of the default and an opportunity to cure, as well as notice of intent to accelerate and notice of acceleration; and (5) Parson failed to cure the default after she was provided notice

12

of her default and an opportunity to cure. *See* Compl. 3, ¶¶ 7–11. These alleged facts give rise to a plausible claim that US Bank is entitled to an order of sale and judgment authorizing foreclosure of the Property under § 51.002 of the Texas Property Code. The Court should DENY Parson's Motion to Dismiss.

To the extent Parson invokes "double jeopardy," the Court understands this to be an assertion that US Bank's claims are barred by the doctrine of res judicata. As the Fifth Circuit has explained, the Double Jeopardy Clause is a "restraint on *governmental* power." *United States v. Sanchez–Escareno*, 950 F.2d 193, 197 (5th Cir. 1991) (emphasis added). Thus, for the Double Jeopardy Clause to apply, "there must be actions by a sovereign, which place an individual twice in jeopardy." *United States v. Beszborn*, 21 F.3d 62, 67–68 (5th Cir. 1994). "The Double Jeopardy Clause does not apply to actions involving private individuals." *Id.*

Res judicata, on the other hand, can apply in actions involving private litigants. Res judicata is an affirmative defense that "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). And generally, res judicata cannot be raised in a motion to dismiss; it must be pleaded as an affirmative defense and addressed at summary judgment or at trial. *Id.* at 570 n.2; *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). The Court therefore declines to consider any res judicata arguments in the context of

Parson's Rule 12(c) motion to dismiss.

The Court further defers consideration of Parson's denial that US Bank is the original Note holder and can produce the Note to another procedural context.

### US Bank's Motion to Dismiss Counterclaim

US Bank also moves under Rule 12(b)(6) to dismiss Parson's counterclaim for a $4,350,000 sanction. As noted, the standard for deciding a motion under Rule 12(c) is the same as that of deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). And Parson's request to sanction US Bank fails to state a claim for relief because a sanctions request is not an independent cause of action. *JP Morgan Chase Bank v. State Bank*, 2009 WL 3570841, at *2 (S.D. Tex. Oct. 26, 2009) (granting motion to dismiss counterclaim for sanctions because "motions for sanctions are not independent causes of action"); *see also Port Drum Co. v. Umphrey*, 852 F.2d 148 (5th Cir.1988) (Rule 11 of the Federal Rules of Civil Procedure is not an independent cause of action); *Mantri v. Bergman*, 153 S.W.3d 715, 718 (Tex.App.—Dallas 2005, pet. denied) (Rule 10 of the Texas Civil Practice & Remedied Code is not an independent cause of action). The Court should, therefore, GRANT US Bank's Motion to Dismiss Parson's Counterclaim For Monetary Sanctions (ECF No. 38) and dismiss the counterclaim with prejudice.

## US Bank's Summary Judgment Motion

<u>Preliminary Matters</u>

As an initial matter, Parson objects that US Bank's summary judgment motion is untimely and moves to strike it. Mot. Obj. Strike Untimely Mots. (ECF No. 25). US Bank, however, filed its motion before the April 30, 2021 deadline for filing dispositive motions established in the Scheduling Order. Sched. Ord. (ECF No. 16). The motion is therefore timely, and Parson's request to strike it is DENIED.

<u>Legal Standards</u>

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citations omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)

(citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991))); Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at \*2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

<u>Analysis</u>

US Bank claims that it is entitled to summary judgment because all requirements to authorize foreclosure are met. *See* Pl.'s Br. Supp. Mot. J. 6 (ECF No. 20). When a court exercises diversity jurisdiction, as it does here, it is "bound to apply the law as would a Texas Court." *Charalambopoulos v. Grammer*, 2017 WL 606639, at \*12 (N.D. Tex. Feb. 15, 2017) (Fitzwater, J.) (citing *Eerie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). To foreclose under a security instrument in Texas with a power of sale, a plaintiff must establish four elements: (1) a debt exists; (2)

the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the note and security instrument; and (4) the borrower received notice of default and acceleration of the debt. *Koncak v. Deutsche Bank Nat'l Tr. Co.*, 2020 WL 5219558, at *5 (N.D. Tex. Aug. 17, 2020), *adopted by*, 2020 WL 5215128 (N.D. Tex. Sept. 1, 2020) (Rutherford, J.) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013)). Here, US Bank has met its burden in establishing each of these four elements.

First, a debt clearly exists between US Bank and Parson. US Bank provides evidence that Parson executed a Texas Home Equity Adjustable Rate Note on April 25, 2006. Pl.'s Ex. 3, at 1, 5 (ECF No. 21-3); Pl.'s Ex. 4, at 2, ¶ (F) (ECF No. 21-4). The Note requires Parson to make monthly payments on the first of each month to the holder of the Note. Pl.'s Ex. 3, at 2, ¶ 3 (ECF No. 21-3); Pl.'s Ex. 4, at 3, ¶ 1 (ECF No. 21-4). US Bank is entitled to these payments, as it became the Successor Trustee on April 13, 2012 by way of Corporate Assignment of Trust. Pl.'s Ex. 5, at 1 (ECF No. 21-5). The loan is currently due for October 1, 2014, and the amount owed on the Note, as of April 28, 2020, was $156,552.07. Pl.'s Ex. 1, at 4, ¶ 11 (ECF No. 21-1). U.S. Bank has, thereby, conclusively proven that a debt exists. *See Koncak*, 2020 WL 5219558, at *6 (finding a debt existed where plaintiff provided a copy of the Note and security instrument and further established that it was entitled to collect on that debt).

17

Second, the debt is authorized by the Texas Constitution. Under Texas law, only certain liens may encumber a homestead property. *See Hankins v. Harris*, 500 S.W.3d 140, 144 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 634 (Tex. 1987)) ("the Texas Constitution provides that homestead property is exempt from forced sale to pay debts, except for certain specified categories of debt"). Article XVI, § 50(a)(6) of the Texas Constitution allows extensions of credit to validly attach to a homestead property if they are "secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse." TEX. CONST. art. XVI, § 50(a)(6)(A). Parson does not contest that she voluntarily entered into such an agreement, *see* Pl.'s Exs. 3 & 4 (ECF Nos. 21-3 & 21-4), so the lien here was created pursuant to art. XVI, § 50(a)(6) as required by law.

Third, Parson is in default under the Note and security instrument. As stated, the loan is currently due for the October 1, 2014 payment, with $156,552.07 remaining unpaid as of April 2020. Pl.'s Ex. 1, at 4, ¶ 11 (ECF No. 21-1). US Bank alleges that Parson has not repaid the loan as agreed, resulting in default. Pl.'s Br. Supp. Mot. J. 7 (ECF No. 20). Parson does not refute this claim, merely responding that US Bank is not the original noteholder and that it cannot produce the original note. Def.'s Obj. 2 (ECF No. 27). With no evidence to the contrary, the Court finds there is no genuine dispute that Parson is in default on her loan.

18

And US Bank has in fact shown that it is the current noteholder by producing a copy of the original note indorsed in blank and a declaration stating the copy of the note is an "exact duplicate[ ]" of the original. *See* Pl.'s Ex. 1, at 3, ¶ 7 (ECF No. 21-1); Pl.'s Ex. 3, at 1, 5 (ECF No. 21-3); Pl.'s Ex. 4, at 2, ¶ (F) (ECF No. 21-4). In Texas, existence of a note may be established by "[a] photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (quoting *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ)). "The original, signed note need not be produced in order to foreclose." *Id.*

Finally, US Bank provides uncontroverted evidence that Parson received notice of default and acceleration of the debt. The Texas Property Code regulates the requirements for serving notice before judicial foreclosure. Section 51.002(e) establishes that notice by certified mail is complete when it is deposited in the United States Mail. Tex. Prop. Code § 51.002(e). It is not necessary for the borrower to actually receive the notice as long as the plaintiff establishes it properly mailed the document. *See Martins, L.P.*, 722 F.3d at 256 (refusing to find service of notice defective merely because the debtor never actually received it)."[T]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code § 51.002(e).

Here, US Bank provides the Notice of Default sent to Parson on April 8, 2019

along with a USPS Certified Mail receipt, Pl.'s Ex. 6 (ECF No. 21-6), as well as the Notice of Acceleration, Pl.'s Ex. 8 (ECF No. 21-8). It also submits a Declaration of Mailing signed by Philip C. Reeves, counsel for US Bank. Pl.'s Ex. 7 (ECF No. 21-7). Reeves claims to have personal knowledge of service—given his position and review of the documents and file—and declares under penalty of perjury that the Notice of Acceleration was mailed via certified mail. *Id.* Parson does not provide any evidence to raise a fact question that US Bank failed to properly give her notice regarding default and acceleration of the loan.

In her response, Parson makes various arguments for why summary judgment is not warranted. She maintains summary judgment would be improper because (1) the complaint is not sufficient; (2) US Bank failed to serve her with the summons and complaint; (3) US Bank refiling this case amounts to double jeopardy; (4) there is currently a related appeal pending before the Fifth Circuit; and (5) numerous allegations of US Bank violating her rights. Resp. 1–3 (ECF No. 27). Parson fails to support these arguments with relevant law or evidence, but they also fail on the merits.

First, the Complaint is proper under the Federal Rules of Civil Procedure. It contains "a short and plain statement" of (1) the grounds for the court's jurisdiction; (2) the claim showing that US Bank is entitled to relief; and (3) a demand for the relief sought. *See* Fed. R. Civ. P. 8(a) (describing pleading requirements). Second, US Bank has provided evidence that the Complaint, along

20

with the summons, was properly served on Parson August 11, 2020,[4] attaching in support the Summons signed by the Clerk of Court and affidavit signed by the process server. *See* Proof Service 1–2 (ECF No. 17); Pl.'s Ex. 1, at 1–2 (ECF No. 18-1). And as established, Parson waived any objection to improper service by raising her objections after she filed her answer. Fed. R. Civ. P. 12(h)(1)(B); *see also Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988).

Third, Parson's assertion of double jeopardy is properly understood as an invocation of the affirmative defense of res judicata or claim preclusion—a doctrine that "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits;

---

[4] The process server claims he received the Summons on August 7, 2020 and that he delivered it to Parson on August 11, 2020. Pl.'s Ex. 1, at 2 (ECF No. 18-1). The Court considers US Bank's claim that Parson was properly served on August 7, Resp. 2 (ECF No. 18), as immaterial to whether or not Parson received service in light of the affidavit alleging timely service and US Bank's correction of the mistake. *See* Resp. 1 (ECF No. 29) (listing August 11, 2020 as the date of service).

21

*and* (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted) (emphasis added).

Parson's res judicata defense fails on the third element. "Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes." *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (per curiam) (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)). But the District Court dismissed *without* prejudice the prior case brought by US Bank against Parson and clarified that the dismissal was not a comment on the merits of US Bank's claims. US Bank is therefore not barred from bringing this action.

Fourth, Parson's claim that this Court lacks jurisdiction due to the appeal before the Fifth Circuit is moot because the Fifth Circuit recently dismissed the appeal as frivolous on October 27, 2020. *Parson v. Select Portfolio Servicing*, 2020 WL 6303725, at *1 (5th Cir. 2020). But even if the appeal was still pending, the Court here would still have jurisdiction because the appeal was an unrelated matter originating from Parson's bankruptcy proceeding. Finally, since there is no indication that US Bank acted improperly in the current action, it cannot be said that Parson's rights were violated.

Accordingly, no genuine issue of fact remains. US Bank is therefore entitled to Summary Judgment for judicial foreclosure on Parson's home. *See U.S. Bank,*

*N.A. v. Moore*, 2015 WL 11120972, at *3 (N.D. Tex. Aug. 6, 2015) (finding the holder of a note was entitled to summary judgment for judicial foreclosure after establishing all four elements for foreclosure in Texas).

## Recommendation

For the foregoing reasons, the Court DENIES Defendant's Motion to Object and Strike Untimely Motions (ECF No. 25) and recommends that the district court DENY Defendant's Motion to Dismiss (ECF No. 12), GRANT Plaintiff's Motion for Summary Judgment (ECF No. 19), and GRANT Plaintiff's Motion to Dismiss Counterclaim (ECF No. 38). The district court should enter a final judgment for an order authorizing Plaintiff to foreclose Defendant's home.

**SIGNED** November 20, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

23

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).