IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

US BANK N.A., SUCCESSOR
TRUSTEE TO LASALLE BANK
NATIONAL ASSOCIATION, ON
BEHALF OF THE HOLDERS OF
BEAR STEARNS ASSET BACKED
SECURITIES I TRUST 2006-HE7,
ASSET-BACKED CERTIFICATES
SERIES 2006-HE7,

      Plaintiff,

v.                                          No. 3:20-cv-02104-N-BT

BRIDGET PARSON,

      Defendant.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court entered its Order (ECF No. 53) accepting the previous Findings, Conclusions, and Recommendation (FCR) of the United States Magistrate Judge and a Judgment (ECF No. 54) in Plaintiff's favor on February 16, 2021. The next week, on February 24, 2021, *pro se* Defendant Bridget Parson filed a Notice of Appeal (ECF No. 56), as well as the following motions seeking reconsideration of the Order accepting the magistrate judge's FCR and relief from the Judgment:

- Motion (ECF No. 57) to Vacate the Two Orders Signed on 2/16/2021;[1]

---

1 The "orders" to which Parson refers are the District Court's Order (ECF No. 53)

1

- Motion (ECF No. 58) for Rehearing, New Trial, Bill of Review, Reconsideration, Appeal and Plea to the Jurisdiction; and

- Request (ECF No. 59) for Oral Findings of Fact and Conclusions of Law.

The Court should DENY these motions.

The Fifth Circuit has explained how courts should construe motions asking the court to reconsider a prior ruling. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). Generally, such a motion "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b) . . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* (internal citations omitted); *see also Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) ("[W]e hold that any post-judgment motion to alter or amend the judgment served within [28] days after the entry of the judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of FED. R. APP. P. 4(a)(4). If, on the

---

accepting the previous Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the Judgment (ECF No. 54). Both of which were signed on Friday, February 12, 2021, but electronically entered on the docket on February 16, 2021.

other hand, the motion asks for some relief other than correction of a purely clerical error and is served after the [28]-day limit, then Rule 60(b) governs its timeliness and effect. A bright-line rule is essential . . . .").

Here, Parson filed her "Motion to Vacate," "Motion for Rehearing, New Trial, Bill of Review, Reconsideration, Appeal and Plea to the Jurisdiction," and "Request for Oral Findings of Fact and Conclusions of Law" (ECF Nos. 57, 58, & 59) within 28 days of the Judgment; therefore, the Court should construe her motions as Rule 59(e) motions to alter or amend a judgment.

Reconsideration under Federal Rule of Civil Procedure 59(e) "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Parson raises no new evidence or issues in her motions. Instead, she relies on arguments, theories, and evidence already considered by the Court. As such, the Court should deny Parson's motions for reconsideration (ECF Nos. 57, 58 & 59).

## Recommendation

The Court should construe Parson's Motion (ECF No. 57) to Vacate the Two Orders Signed on 2/16/2021, her Motion (ECF No. 58) for Rehearing, New Trial, Bill of Review, Reconsideration, Appeal and Plea to the Jurisdiction, and her

Request (ECF No. 59) for Oral Findings of Fact and Conclusions of Law, as motions under Rule 59(e) and DENY those motions.

     **SIGNED** April 12, 2021.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

     The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).