IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| US BANK N.A., SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-HE7, ASSET-BACKED CERTIFICATES SERIES 2006-HE7,<br><br>    Plaintiff,<br><br>v.<br><br>BRIDGET PARSON,<br><br>    Defendant. | No. 3:20-cv-02104-N-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Defendant Bridget Parson's Motion (ECF No. 61) for Leave to Proceed *in forma pauperis* (IFP) on Appeal. For the following reasons, the Court should DENY her motion.

Title 28 U.S.C. §1915(a) sets forth the standards governing IFP motions. In order to proceed IFP on appeal, Parson must submit an affidavit that states "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *see also* FED. R. APP. P. 24(a)(1) ("The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

1

(B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.").

A district court may deny a motion to proceed IFP if an appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous." *Washington v. Plano Indep. Sch. Dist.*, 2017 WL 2416331, at *2 (E.D. Tex. June 5, 2017) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)). "To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal." *Id.* (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988)). "If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in 'good faith' and the movant's petition to appeal *in forma pauperis* must be denied." *Id.* (citing *Howard*, 707 F.2d at 220).

Here, Parson has not shown there is a non-frivolous issue to be litigated on appeal. Indeed, she has not addressed the grounds for the Court's entry of Judgment in Plaintiff's favor. She merely repeats the arguments she has previously presented *ad nasueum* to the Court, including her arguments that Plaintiff's conduct violates her civil rights, that she has not been properly served, and that Plaintiff is not the original Note holder and cannot produce the Note. She further repeats her conclusory complaints that the undersigned magistrate judge and the District Judge are biased against her. The Court, therefore, concludes that Parson's appeal is not taken in good faith. Accordingly, her petition to appeal *in forma*

*pauperis* should be denied. *See Samford v. Texas*, 2020 WL 6504665, at *1 (N.D. Tex. Nov. 5, 2020) (denying plaintiff's motion to proceed *in forma pauperis* on appeal where the plaintiff presented "no legal point of arguable merit").

## Recommendation

The Court should DENY Parson's Motion (ECF No. 61) for Leave to Proceed on Appeal and certify that her appeal is not taken in good faith under § 1915(a)(3).

**SIGNED** April 12, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

3