IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US BANK NA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-02104-N (BT) |
| | § | |
| BRIDGET PARSON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Bridget Parson's Motions to Proceed *In Forma Pauperis* on Appeal (ECF Nos. 73, 76). For the reasons discussed herein, Parson's motions should be denied.

Title 28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. A district court may deny a motion to proceed *in forma pauperis* if an appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous." *Washington v. Plano Indep. Sch. Dist.*, 2017 WL 2416331, at *2 (E.D. Tex. June 5, 2017) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983)). "To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal." *Id.* (citing *Payne v. Lynbaugh*, 843 F.2d 177, 178 (5th Cir. 1988)). "If the district court cannot discern the existence of any non-frivolous issue on

1

appeal, then an appeal is not taken in 'good faith' and the movant's petition to appeal *in forma pauperis*, must be denied." *Id.* (citing *Howard*, 707 F.2d at 220). "The district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys." *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Notwithstanding, although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them." *Id.* (citing *Yohey v. Collins*, 985 F.2d 222, 222-25 (5th Cir. 1993)).

Here, Parson, a *pro se* litigant in this foreclosure action, seeks to appeal the undersigned magistrate judge's April 12, 2021 Order (ECF No. 67) denying her motions to compel (ECF Nos. 64, 66) as moot and the District Court's May 4, 2021 Order (ECF No. 74) accepting the magistrate judge's findings, conclusions, and recommendations (ECF Nos. 68, 69). In the magistrate judge's April 12, 2021 Order, she noted that Parson filed a motion to compel (ECF No. 64) and an amended motion to compel (ECF No. 66) urging the Court to act on her earlier motions seeking reconsideration of the District Court's Order accepting the findings, conclusions, and recommendation of the magistrate judge and a Judgment. Ord. (ECF No. 67). The magistrate judge entered additional findings and conclusions (ECF No. 68), recommending that the District Court deny Parson's motions for reconsideration (ECF Nos. 57, 58, 59). On April 12, 2021, the magistrate judge denied Parson's motion (ECF No. 64) and amended motion (ECF No. 66) as moot. Ord. (ECF No. 67). In its May 4, 2021 Order (ECF No. 74), the

District Court noted there were no objections, and it reviewed the magistrate judge's findings, conclusions, and recommendations (ECF Nos. 68, 69) for plain error. Then, on May 4, 2021, the District Court entered its order accepting the magistrate judge's findings, conclusions, and recommendations (ECF Nos. 68, 69). Ord. (ECF No. 74).

This case was closed, and the Court entered Judgment on February 12, 2021. Ord. (ECF No. 53); J. (ECF No. 54). Thereafter, Parson filed a notice of appeal (ECF No. 56) and appealed this case to the Fifth Circuit Court of Appeals. On February 19, 2021, the Fifth Circuit dismissed the appeal for want of jurisdiction because the magistrate judge's findings, conclusions, and recommendation that Parson appealed was not a final decision under 28 U.S.C. § 1291. Ord. (ECF No. 62) (citing *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993); *United States v. Cooper*, 135 F.3d 960, 961 (5th Cir. 1998)). The Fifth Circuit therefore did not have jurisdiction over the appeal. *Id.* Now, Parson is again attempting to appeal the magistrate judge's findings, conclusions, and recommendations (ECF Nos. 68, 69). *See* (ECF No. 73). Therefore, her appeal is not taken in good faith. And, the Court should DENY Parson's motion for leave to proceed *in forma pauperis* on appeal unless Parson pays the $505.00 filing fee within 30 days of the filing of this recommendation.

Additionally, Parson has a history of filing meritless and repetitive filings in this Court. **Bridget Parson is therefore WARNED that if she persists in**

**filing meritless and repetitive filings in this Court, the Court will consider imposing sanctions on her.**

Signed May 19, 2021.

                               REBECCA RUTHERFORD
                               UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).