IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:20-cv-2104-N |
| | § | |
| BRIDGET PARSON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

On February 12, 2021, the District Court entered its Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 53) and a Judgment (ECF No. 54) authorizing Plaintiff US Bank, N.A. (the "Bank"), to foreclose on Defendant Bridget Parson's home in Cedar Hill, Texas. Parson, who is proceeding *pro se*, appealed that Order and Judgment—as she has similarly appealed or objected to virtually every order entered in this case. She sought leave to appeal *in forma pauperis*, which the Court denied because it found Parson's appeal was not taken in good faith. Ord. (ECF No. 81). Parson also filed several motions asking the Court to reconsider its decision to allow the Bank to foreclose on her home. *See e.g.*, Mots. (ECF Nos. 57, 58, 59). When the Court denied those motions, *see* Ord. (ECF No. 74), Parson predictably appealed and filed additional motions for reconsideration, including: (1) a "Motion for Reconsideration of [ECF No. 74]"; (2) an "Appellee Amended Motions Objecting to Dockets 53, 54 and Exhibits"; and (3) a "Motion for New Trial Vacate [ECF No. 81]". The Fifth Circuit dismissed Parson's appeals for want of prosecution. *See* Judgments. (ECF Nos. 84, 85). For the following reasons, the Court DENIES the pending motions for reconsideration. Mots. (ECF Nos. 75, 80, 83).

1

The Fifth Circuit has explained how courts should construe post-judgment motions asking the court to reconsider a prior ruling. *See Demahy v. Schwarz Pharma, Inc*., 702 F.3d 177, 182n.2 (5th Cir. 2012) (per curiam). Generally, such a motion "is evaluated either as a motion to alter or amend a judgment under Rule 59(e) or as a motion for relief from a final judgment, order, or proceeding under Rule 60(b)." *Id.* (internal quotation marks and citations omitted). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id*. (citations omitted); *see also Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) ("[W]e hold that any post-judgment motion to alter or amend the judgment served within [twenty-eight] days after the entry of the judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of Fed. R. App. P. 4(A)(4). If, on the other hand, the motion asks for some relief other than correction of a purely clerical error and is served after the [twenty-eight]-day limit, then Rule 60(b) governs its timeliness and effect. A bright-line rule is essential.").

The Court entered its Judgment in this case on February 12, 2021. Parson filed all of the pending motions more than twenty-eight days later. *See* Mot. filed May 10, 2021 (ECF No. 75); Mot. filed June 3, 2021 (ECF No. 80); Mot. filed July 2, 2021 (ECF No. 83). Therefore, the Court considers the motions under Rule 60(b).

Rule 60(b) provides relief from a final judgment only in the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted). "The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court." *Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2020 WL 1862559, at *2 (N.D. Tex. Apr. 14, 2020) (Fitzwater, J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam)).

> The Court's discretion is further informed by a host of non-exclusive factors, including:
>
> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).

Here, Parson has not met her burden to establish she is entitled to relief under Rule 60(b). As the magistrate judge explained in her Findings, Conclusions, and Recommendation that the Bank was entitled to foreclose on Parson's home (ECF No. 42), this mortgage dispute has a tortured procedural history. Indeed, this case represents at least the third time the Bank brought

suit to foreclose on Parson's home, and the litigation endured several starts and stops before this Court reached the merits of the dispute and entered Judgment. Parson misconstrues as victories prior rulings remanding the Bank's first case to state court, *see US Bank NA v. Parson*, 2020 WL 95628, at *1 (N.D. Tex. Jan. 8, 2020) (Lindsay, J.), and dismissing the second case as a sanction for violating local rules, *see* Ord., *US Bank NA v. Parson*, No. 3:19-cv-2863-L (N.D. Tex.) (ECF No. 20). Those rulings do not inform the Court's consideration of the merits of the claims and defenses at issue. Rather, Parson had a full and fair opportunity to address those claims and defenses in this case, and the Court ultimately rejected Parson's arguments and determined the Bank was entitled to foreclose on Parson's home. In her pending motions, Parson merely rehashes arguments the Court already considered and rejected and lobs ad hominem attacks against the magistrate judge. She identifies no mistake, new evidence, fraud by the Bank, or other reason that would justify Rule 60(b) relief. Parson also appealed the Judgment, but then failed to prosecute that appeal. The Judgment is valid and has not been reversed or vacated. And Parson should not be permitted to use her Rule 60(b) motions as a substitute for an appeal she failed to prosecute. The Court declines to exercise its discretion to disturb the Judgment entered in this case.

  **IT IS, THEREFORE, ORDERED** that Parson's motions for reconsideration (ECF Nos. 75, 80, 83) are DENIED.

  SIGNED this 26th day of January, 2022.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE